# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| Jacqueline C. Hylton, | ) | |
| | ) | |
| Debtor, | ) | |
| _____ | ) | |
| CHRISTOPHER LEE PROSSER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 4:17CV2773JCH |
| JACQUELINE C. HYLTON, | ) | |
| | ) | |
| Appellee. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Before the Court is the appeal from the decision of the United States Bankruptcy Court, Eastern District of Missouri, filed by Appellant Christopher Lee Prosser. ECF 1. The Matter is fully briefed and ready for disposition.

## I.
## BACKGROUND

Appellee Jacqueline C. Hylton filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Missouri, (the Bankruptcy Court), Case Number 17-42383, on April 6, 2017. Appellant was listed as a

creditor in the amount of $25,000 for an investment loan in the Chapter 7 proceedings.

On June 9, 2017, Appellant, who was pro se and a prisoner incarcerated in the State prison system, filed an adversary pleading in Appellee's Chapter 7 proceedings in which he sought to have his debt declared non-dischargeable on the basis of fraud under 11 U.S.C. § 523(a)(2), (4) and (6).[1] (Bankruptcy Court Adversary Proceeding, 17-4089 (BR) ECF 1). The Bankruptcy Court's June 12, 2017 Scheduling Order set Appellant's adversary proceeding for trial on September 19, 2017, at 11:00 a.m. (BR ECF 3). As relevant, the Scheduling Order also stated that motions for summary judgment should be filed no later than August 22, 2017, and set forth the pre-trial compliance requirements, including that witness and exhibit lists be submitted no later than five days prior to trial. (BR ECF 3 at 1-2).

On June 23, 2017, Appellant filed a Motion to Stay or Set Aside the Scheduling Order of June 12, 2017, in which Motion he asserted that the Scheduling Order was "inadequate" regarding the amount of time to "conduct discovery, take depositions, submit document requests, interrogatories and

---

[1] 11 U.S.C. § 523(a)(2), (4), and (6) provide exceptions for discharge of a debt in bankruptcy for, among other reasons, use of materially false representations and fraud, "defalcation while acting in a fiduciary capacity, embezzlement, or larceny," and "willful and wanton injury,"

admission requests, as well as to file a summary judgment motion." (BR ECF 8 at 1-2). On July 21, 2017, Appellant filed subpoenas for production of documents from third parties, including St. John's Bank. (BR ECF 31-38). On July 24, 2017, Appellee filed a Motion to Quash the St. John's Bank subpoena (BR ECF 39) and, on July 25, 2017, filed Objections to Appellant's First Set of Interrogatories and First Request for Production of Documents and a Motion to Quash Appellee's Second and Third Set of Interrogatories and Request for Admissions. (BR ECF 40-43). On August 8, 2017, the Bankruptcy Court set a hearing on Appellant's Motions to Quash and related matters for August 24, 2017. (BR ECF 83). On August 9, 2017, Appellant again filed a Motion to Stay the Adversary Proceedings in which he sought to stay the matter pending an interlocutory appeal regarding his "motions with the District Court to withdraw its referral and to transfer the adversary proceedings to the District Court." (BR ECF 108 at 1). On August 11, 2017, Appellant filed a Request to Modify the Scheduling Order, in which he asked the Bankruptcy Court to grant him an additional forty-five days to conduct discovery, "thereafter adjusting all other matters according to the discovery modification." (BR ECF 87 at 11).

On August 16, 2017, Appellant filed a Motion for Writ of Habeas Corpus Ad Testificandum, in which he sought to appear at the August 24, 2017 hearing on the Motions to Quash. (BR ECF 94). By Order, dated August 17, 2017, the

Bankruptcy Court declined to certify a recommendation to the district court that a writ of habeas corpus ad testificandum issue.  (BR ECF 100).  Appellant's August 9, 2017 Motion requesting a stay was denied on August 22, 2017.  (BR ECF 112).  On August 24, 2017, the Bankruptcy Court conducted a hearing regarding Appellee's Motions to Quash and related matters, at which Appellant was not present, and, granted, in part, and denied, in part, the Motions.  (BR ECF 115).

Also, on August 24, 2017, the Bankruptcy Court received, from Appellant, a "Motion for an Additional Twenty (20) Days to File Written Exceptions and Objections to the Order From the August 24, 2017 Hearing on [Appellant's] Motions to Quash."[2]  (BR ECF 120).  In an August 30, 2017 Order denying Appellant's Motion seeking an additional twenty days, the Bankruptcy Court considered that, although Appellant had not appeared at the August 24, 2017 hearing, he "filed responses and other documents in connection with the matters heard, which the Court considered."[3]  The Bankruptcy Court also considered that Appellant was seeking an extension of time for something to which he was not entitled because "one does not object to an order," because "exceptions are not part of federal court practice," and because "[o]bjections are assumed to be preserved for purposes of appeal."  The Bankruptcy Court further considered that, at the time

---

[2] This Motion was docketed on August 29, 2017.

[3] Appellant had filed a Response to Appellee's Motions to quash discovery.  (BR ECF 90).

4

Appellant's Motion for an Additional Twenty Days was "written," the August 24, 2017 hearing had not yet occurred, and no order following that hearing had been entered, and that he was "free to request that a copy [of the transcript of the hearing] be prepared and pay for the costs associated with such preparation." (BR ECF 121 at 1-2). On September 14, 2017, the Bankruptcy Court memorialized its bench ruling regarding the Motions and Objections considered at the August 24, 2017 hearing, specifically denying Appellee's Motion to Quash the subpoena to St. John's Bank, with the exception that certain personal information be redacted, and granting, in part, and denying, in part, the other Motions and Objections before the court. (BR ECF 123).

Appellee appeared before the Bankruptcy Court, on September 19, 2017, in person and with counsel, for trial, and testified under oath. (BR ECF 132). Appellant did not appear in person or by counsel. On September 20, 2017, Appellant filed a "Motion to Amend the Scheduling Order to Allow an Additional 45 Days for Discovery" (BR ECF 133), and, on September 22, 2017, he filed a "Motion For an Extension of Time to File a Motion for Summary Judgment, Trial Brief, Exhibit List, Stipulation of Uncontroverted Fa[c]t, and Exhibits" (BR ECF 134). On September 25, 2017, the Bankruptcy Court issued a Judgment (BR ECF 136) and Memorandum Opinion and Order (BR ECF 137), dismissing Appellant's Complaint, with prejudice, based on Appellant's failure to prosecute and "thereby

abandon[ing] his Complaint and any claims therein," and, alternatively, based on Appellant's failure to meet the evidentiary burden at trial because he "offered no evidence at trial in support of his claims."

On September 26, 2017, Appellant filed a "Motion to Reconsider Order Granting in Part and Denying in Part [Appellee's] Motion to Quash the Subpoena to St. John's Bank." (BR ECF 140).

On September 27, 2017, the Bankruptcy Court issued an Amended Judgment (BR ECF 142) and Amended Memorandum Opinion and Order (BR ECF 143), dismissing Appellant's Complaint, with prejudice, for the same reasons stated in its previous Judgment and Memorandum Opinion and Order. The Amended Memorandum Opinion and Order differed only from the original Memorandum Opinion and Order in regard to Footnotes 3 and 4 which more thoroughly detailed the procedural history of the case. (BR ECF 143 at 1 n.1). Specifically, in its Amended Memorandum Opinion and Order, the Bankruptcy Court held, in regard to Appellant's failure to appear at the September 19, 2017 trial, that: Appellant "did not request a re-setting, even though he had been aware of the trial date since June 2017"; he did not comply with pretrial compliance as set forth in the June 2017 Scheduling Order; he did not request a writ of habeas corpus ad testificandum for purposes of appearing at trial; Appellant had the burden to seek a re-setting, of being prepared for trial, and of requesting an extension of the

trial date and pre-trial compliance and his pro se status did not relieve him of this burden; and Appellant had demonstrated, in the course of the case, his "familiarity with deadlines," orders, and "the process for requesting extensions of time." (BR ECF 143 at 2-3). Given Appellant's failures to "comply with any pre-trial compliance requirements," "request or obtain a continuance of the trial date," and "appear at trial either through counsel or in person," the Bankruptcy Court held that it was proper to dismiss Appellant's Complaint, with prejudice. As such, the Bankruptcy Court ordered that Appellant's Complaint be dismissed based on his failure to prosecute and, thereby, abandoning the claims he made in the Complaint. (BR ECF 143 at 3-4).

The Bankruptcy Court alternatively found that, because Appellant offered no evidence at trial in support of his claims, he failed to meet his evidentiary burden under 11 U.S. § 523(a), and that Appellee's testimony, which was the only evidence before the Bankruptcy Court, did not establish Appellant's case. As such, the Bankruptcy Court held that judgment in favor of Appellee was proper. (BR ECF 143 at 4).

Appellant filed a Motion for New Trial, on October 5, 2017 (BR ECF 158), which was denied, on October 6, 2017 (BR ECF 160), and an Amended Motion for New Trial, on October 10, 2017 (BR ECF 163), which was denied that same date (BR ECF 164).

7

On Appeal, Appellant argues that the Bankruptcy Court "abused its discretion in dismissing the Complaint, with prejudice," in failing to grant him a new trial, and in refusing to recuse itself. (ECF 34 at 2-3, 9-10, 26-35). Appellant, alternatively, asks the Court to determine the merits of the claims he made in the Complaint in that he asks the Court to determine that Appellee's debt is non-dischargeable. (ECF 34 at 10, 35-50). Appellant additionally asks for Oral Argument. (ECF 34 at 3).

## II.
## STANDARD OF REVIEW

"'When a bankruptcy court's judgment is appealed to the district court, the district court acts as an appellate court and reviews the bankruptcy court's legal determinations de novo and findings of fact for clear error.'" *First Sec. Bank and Trust Co. v. Vegt,* 511 B.R. 567, 577 (N.D. Iowa 2014) (*quoting In re Falcon Prods., Inc.,* 497 F.3d 838, 841 (8th Cir. 2007) (other quotations and citations omitted). The district court "must accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." *In re Englander,* 95 F.3d 1028, 1030 (11th Cir. 1996). The district court may not "make independent factual findings." *Id.*

"A district court reviews the bankruptcy court's interpretation of the bankruptcy code de novo." *First Security Bank,* 511 B.R. at 577 (*quoting In re*

8

*Zahn,* 526 F.3d 1140, 1142 (8th Cir. 2008); *In re Farmland Indus., Inc.,* 397 F.3d 647, 650 (8th Cir. 2005)).  "Where issues are committed to the bankruptcy court's discretion, review is for abuse of discretion."  *First Security Bank,* 511 B.R. at 577 (*citing In re Zahn,* 526 F.3d at 1142). "The bankruptcy court abuses its discretion when it fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous."  *First Security Bank,* 511 B.R. at 577 (*quoting In re Zahn,* 526 F.3d at 1142) (other citation omitted).  Under the clearly erroneous standard, a court overturns a factual finding "only if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law," or if the court is "left with the definite and firm conviction that an error was made." *First Security Bank,* 511 B.R. at 577 (*quoting Kingman v. Dillard's, Inc.,* 721 F.3d 613, 616 (8th Cir. 2013) (other quotations and citations omitted).

With these principles in mind, the Court will address each of the issues raised by Appellant.

## III.
## DISCUSSION

As a preliminary matter, pursuant to 28 U.S.C. § 158(a), this Court has jurisdiction over Appellant's appeal of the Bankruptcy Court's final judgment in Appellant's adversary proceedings.

**A.    Dismissal of Appellant's Complaint:**

Appellant first contends that Bankruptcy Court's erred in dismissing his Complaint based on his failure to prosecute.   In support of this contention, Appellant argues that he was "zealously litigating his Complaint up to trial"; that he was awaiting "critical rulings" prior to trial, including his motion to amend the scheduling order and trial setting; that the Bankruptcy Court failed to consider "a broad range of less drastic sanctions prior to dismissal"; that the Bankruptcy Court was "devoid of empathy to the challenges" he faced as a person incarcerated; that he did not deliberately fail to comply filing deadlines; and that he should have been appointed counsel.  (ECF 34 at 9; 26-35).

As set forth above, upon dismissing Appellant's Complaint based on his failure to prosecute, the Bankruptcy Court made the following findings of fact: Appellant had adequate notice of the proceedings; he failed to ask for a re-setting of the trial date after the Bankruptcy Court entered its September 14, 2017 Order; he had previously demonstrated familiarity with the significance of court imposed deadlines and procedures for requesting extensions; Appellant did not comply with pre-trial compliance requirements as set forth in the Scheduling Order; and he "did not request a writ of habeas corpus ad testificandum for purposes of his giving testimony at the September 19, 2017 trial."  (BR. ECF 137 at 2).  The Bankruptcy Court further considered that:  Appellant had the burden of requesting a re-setting

10

of the trial date; the fact that Appellant "may not have concluded his discovery efforts prior to the trial date did not 'automatically extend' the trial date"; and Appellant's pro se status did not relieve him of his obligations. (BR ECF 137 at 3).

As for Appellant's having notice of the proceedings and pre-trial compliance requirements, as noted by the Bankruptcy Court, his June 23, 2017 request to set aside the June 12, 2017 Scheduling Order evidences that Appellant was aware of the September 19, 2017 trial date and pre-trial compliance requirements since June 2017. (BR ECF 8). Further, the record clearly demonstrates that Appellant was well acquainted with court procedures, including the requirement that, for a deadline to be extended, a motion must be filed and granted.

Although Appellant argues that the Bankruptcy Court should not have dismissed his Complaint based on his failure to appear at trial because he was pro se, Appellant was not excused from complying with court orders or substantive and procedural law merely because he was pro se. *See Farnsworth v. City of Kansas City, Mo.,* 863 F.2d 33, 34 (8th Cir. 1988). Thus, Appellant's pro se status did not excuse his failure to comply with pre-trial compliance requirements or to appear at trial.

As a pro se litigant, Appellant was "solely responsible for prosecuting his claim." *Lane v. Hundley,* 319 F.R.D. 478, 479 (D. Del. 2017). Notably, Appellant

did not request a writ of habeas corpus ad testificandum to enable his appearance at the trial, despite his demonstrating awareness of such a possibility; he had sought a writ of habeas corpus ad testificandum to enable his appearance at the August 24, 2017 hearing. *But cf., Heidelberg v. Hammer*, 577 F.2d 429, 431-32 (7ᵗʰ Cir. 1978) (if the question to whether a writ of habeas corpus ad testificandum should issue *was considered* by the court and *decided in the negative*, a dismissal could not properly be based on the incarcerated plaintiff's failure to appear).

Further, upon dismissing Appellant's Complaint based on his failure to prosecute, the Bankruptcy Court considered the merits of Appellant's claim and found it without merit. The Court also notes that, given Appellee's appearance at trial, with counsel, Appellee would have been prejudiced if the Bankruptcy Court had not dismissed Appellant's Complaint based on his failure to prosecute. *See Lane,* 319 F.R.D at 479-80 (factors relevant to dismissal for failure to prosecute include: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense"; dismissal may be appropriate even though all of the factors do not weigh against the plaintiff) (citation omitted). Finally, Appellant's being

clearly aware of the trial date and the significance of the requirements of the Scheduling Order, as evidenced by his numerous filings, indicates that his failure to prosecute was not accidental or involuntary. *See id.; Williams v. Lombardi,* 2017 WL 2167296, at *2 (E.D. Mo. May 16, 2017) (to dismiss for failure to prosecute, the "'district court need not find that the party acted in bad faith, but only that [he] acted intentionally as opposed to accidentally or involuntarily.'") (*quoting Doe v. Cassel,* 403 F.3d 986, 990 (8th Cir. 2005)).

To the extent Appellant argues that the Bankruptcy Court's dismissal of his Complaint should be reversed based on its denial of his Motions for Appointment of Counsel (BR ECF 14, 15, 107, 112), the Court finds that, upon denying Appellant's Motions for Appointment of Counsel, the Bankruptcy Court exercised "reasoned and well-informed discretion." *Nelson v. Shuffman,* 476 F.3d 635 (8th Cir. 2007) (*quoting Slaughter v. City of Maplewood,* 731 F.2d 587, 589 (8th Cir. 1984)). Appellant, moreover, demonstrated, throughout the course of litigation, his ability to represent himself as evidenced by his numerous filings, in which he clearly articulated points he intended to raise and in which he demonstrated familiarity with applicable procedural requirements. Further, the record does not reflect that Appellant would have substantially benefited from the appointment of counsel; that, prior to trial, there was a need to further investigate and present the facts related to Appellant's allegations; or that the factual and legal issues

presented by the action were complex.  *See Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.  The Court finds, therefore, that the Bankruptcy Court's failure to appoint Appellant counsel is not a basis for finding that it erred in dismissing his Complaint.

Based on the foregoing, the Court finds that the Bankruptcy Court's findings of fact related to its dismissal of Appellant's Complaint for failure to prosecute are based on substantial evidence in the record and are not clearly erroneous; that the Bankruptcy Court applied proper legal standards when dismissing Appellant's Complaint for failure to prosecute and did not abuse its discretion; and that, therefore, the Bankruptcy Court's dismissal of Appellant's Complaint based on his failure to prosecute should be affirmed.  *See First Security Bank,* 511 B.R. at 577.

**B.     Denial of Motions for New Trial:**

Appellant filed two Motions seeking a new trial.  In his first Motion, Appellant argued that:  he was prejudiced and denied due process because, prior to trial, he had filed a Motion to extend the time for conducting discovery and to amend the Scheduling Order; this Motion included "a new trial setting by virtue of the time required"; the Bankruptcy Court had never advised him of a decision on that Motion; and he was "under the impression" that the trial date was reset based

14

on his Motion and the fact that the "critical evidentiary rulings" had not yet been made.  (BR ECF 158 at 1) (*citing* BR ECF 87).

On October 6, 2017, the Bankruptcy Court denied Appellant's first Motion for New Trial holding that:  Federal Rule of Civil Procedure 59, which is incorporated into bankruptcy proceedings under Federal Rule of Bankruptcy Procedure 9023, provides for a new trial to "correct manifest errors of law or fact" or to present "newly discovered evidence"; Appellant did not argue that there was any newly discovered evidence; he argued only that the Bankruptcy Court "made a manifest error of law when it conducted the trial because [he] was 'under the impression' [] that the trial would be re-set, and thus did not appear at trial"; Appellant's impression was "incorrect" and "unreasonable," as he had no basis "to believe that the trial date had been re-set or [that the matter] would not be called for trial on September 19, 2017"; and the trial date had been given in the Scheduling Order and no amended scheduling order had issued.  (BR ECF 160 at 2).

To the extent Appellant's "impression" about the trial date was based on the effect of his August 11, 2017 motion requesting additional time to conduct discovery and a resetting of the trial date based on his alleged need to conduct additional discovery, the Bankruptcy Court noted that, at the August 24, 2017 hearing, it quashed most of Appellant's discovery requests and did not grant

Case: 4:17-cv-02773-JCH   Doc. #: 39-1   Filed: 05/09/18   Page: 16 of 26   PageID #: 798
Case 17-04089   Doc 213   Filed 05/10/18   Entered 05/10/18 09:20:21   Main Document

Pg 16 of 26

Appellant's request for more time to conduct additional discovery; that the trial date was not re-set; that, on September 14, 2017, the Bankruptcy Court had entered its order memorializing its August 24, 2017 bench ruling; that "no manifest error occurred because the trial was conducted on the date on which it had long been scheduled"; and that "[a] trial is re-set by an order of the court – and such an order was never issued." (BR ECF 160 at 2-3). The Bankruptcy Court also held that Appellant's complaint that he did not receive the September 14, 2017 written order until after the trial date was "not an excuse" for Appellant's failure to prosecute. (BR ECF 160 at 3 n.2). As for Appellant's stating that he had no way of knowing what occurred at the August 24, 2017 hearing, the Bankruptcy Court noted that Appellant could have ordered a CD of the audio recording for a nominal fee and he could have obtained counsel to help him, but he did not do so. (BR ECF 160 at 3 n.3). As such, the Bankruptcy Court concluded that "no manifest error occurred because the trial was conducted on the date on which it had long been scheduled" and that Appellant's "erroneous understanding of the trial date status [was] not a basis for granting a new trial." (BR ECF 160 at 3).

In response to Appellant's argument that he was "prejudiced" by the trial's going forward, the Bankruptcy Court held that the consequences of Appellant's failing to obtain a trial date re-setting or otherwise being "ready to proceed to trial on September 19, 2017, as scheduled," "did not result in improper prejudice or

16

manifest error." (BR ECF 160 at 3). The Bankruptcy Court additionally found that Appellant's other arguments "amount[ed] to re-hashings of previously denied requests, meritless claims of constitutional violations, and baseless personal attacks upon opposing counsel, [Appellee], the Judge, and the Court," and that these arguments did not support a finding of manifest error. In summary, the Bankruptcy Court held that: Appellant "had been aware of the September 19, 2017 trial setting for months"; "he did not seek a re-setting of the trial date outside the context of his mid-August request for additional time to conduct discovery, which was not granted"; an "amended trial scheduling order was never issued"; "yet [Appellant] claim[ed] to have had the 'impression' that the trial would not go forward as scheduled . . . and thus did not appear to prosecute the Complaint on the day of trial"; and "[n]one of this resulted in manifest error." The Bankruptcy Court held, therefore, that "relief in the form of a new trial under Rule 59 [was] not proper." (BR ECF 160 at 4).

On October 10, 2017, after the Bankruptcy Court had denied his Motion for New Trial, Appellant filed an Amended Motion for New Trial, citing excerpts of his testimony in a State case he filed against the Appellee, which testimony he argued was relevant to a determination of whether Appellee's debt was dischargeable. Appellant attached a CD to this Motion. (BR ECF 163). Upon denying the Amended Motion for New Trial, the Bankruptcy Court held that a

motion cannot be amended after adjudication, and, to the extent the Amended Motion for New Trial could be construed as a second motion for new trial, "nothing in [the] Amended (or 'Second') Motion for New trial suggest[ed] that there [was] a ground entitling [Appellant] to a new trial." (BR ECF 164 at 1).

On appeal, in support of his argument that the Bankruptcy Court erred in not granting his Motion for New Trial and Amended Motion for New Trial, Appellant contends that Appellee committed "perjury and fraud" in sworn pretrial submissions and during her sworn trial testimony. (ECF 34 at 9). He also makes lengthy factual allegations allegedly relevant to his claim that debt at issue was non-dischargeable. (ECF 34 at 9, 35-45).

As set forth above, upon denying Appellant's Motion for New Trial and the Amended Motion for New Trial, the Bankruptcy Court set forth a factual basis for its doing so. The Court finds that these factual findings are not clearly erroneous and that the Bankruptcy Court applied the proper legal standard for granting a new trial. *See First Security Bank,* 511 B.R. at 577; *Howard v. Missouri Bone and Joint Center, Inc.,* 2009 WL 2168676, at *2 (E.D. Mo July 17, 2009) ("In evaluating a motion for a new trial pursuant to Rule 59(a), [t]he key question is whether a new trial should [be] granted to avoid a miscarriage of justice.") (internal citation omitted), *aff'd,* 615 F.3d 991 (8th Cir. 2017). The Court finds, therefore, that the Bankruptcy Court did not abuse its discretion when denying

Appellant's Motion for New Trial, *see First Security Bank,* 511 B.R. at 577; *Hallmark Cards, Inc. v. Murley,* 703 F.3d 456, 462 (8th Cir. 2013) ("We review the denial of a motion for a new trial for a 'clear' abuse of discretion, with the key question being whether a new trial is necessary to prevent a miscarriage of justice.") (*quoting Harrison v. Purdy Bros. Trucking Co.,* 312 F.3d 346, 351 (8th Cir. 2002)); *Howard,* 2009 WL 2168676, at *2.   *See also Barnes v. Alves,* 304 F.R.D. 363 (W.D.N.Y 2015) (granting a motion for new trial in a non-jury case is within the discretion of the trial court and "is reviewable only for abuse").

To the extent the Bankruptcy Court's dismissal of Appellant's Complaint for failure to prosecute was an entry of default, and to the extent Appellant, in his Motions for New Trial, sought to have the default set aside, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a "court may set aside an entry of default for good cause, and, pursuant to Rule 60(b), it may set aside a final default judgment.   Under Rule 55(c), the factors governing whether a party should be relieved from default include "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 784 (8th Cir. 1998) (citations omitted).   The standard for setting aside default judgement, under Rule 60(b) is more rigorous than the standard of Rule 55(c), as Rule 60(b) requires "excusable

neglect." *In re Men's Sportswear, Inc. v. Sasson Jeans, Inc.,* 834 F.2d 1134, 1138 (2nd Cir. 1987). "A trial court's determination in entering a default judgment is entitled to great deference. *Id.* "Because the trial judge is the person most familiar with the circumstances of the case and is in the best position to evaluate the good faith and credibility of the parties, a reviewing court will defer to [the trial judge's] decision unless it is clearly wrong." *Id. at 1138-39* (internal quotations and citations omitted).

The record demonstrates that Appellant was not without fault for failing to appear at trial or comply with pre-trial compliance; the facts before the Bankruptcy Court did not support Appellant's claim as he presented no evidence; and Appellee would have been prejudiced had the Bankruptcy Court granted Appellant a new trial given that she appeared in person and with counsel and presented her defense at the September 19, 2017 trial. Even applying the less stringent standard of Rule 55(c) for setting aside the entry of default, the Court finds, therefore, that the Bankruptcy Court's denial of Appellant's Motion for New Trial and Amended Motion for New Trial is based on substantial evidence and is not clearly erroneous; that, upon denying Appellant's Motion for New Trial and Amended Motion for New Trial, the Bankruptcy Court applied the proper legal standard and did not abuse its discretion; and that, therefore, the Bankruptcy Court's denial of Appellee's Motion for New Trial and Amended Motion for New Trial should be

affirmed.  *See Men's Sportswear,* 834 F.2d at 1138; *First Security Bank,* 511 B.R. at 577.

## C.   Bankruptcy Court's Refusal to Recuse Itself:

Appellant filed two Motions requesting that the Bankruptcy Court recuse itself.  (BR ECF 22 ("Motion for Change of Judge") & 97 ("Second Motion to Change of Judge and Request for the District Court to Adjudicate the Motion"), which the Bankruptcy Court denied (BR ECF 25 & 99).  Appellant contends that the Bankruptcy Court abused its discretion when refusing to recuse itself; that the Bankruptcy Court's prejudice against him "was patent on the face of the record"; and that, "at a minimum, the appearance of impropriety by the Court grossly affect[ed] its impartiality, warranting disqualification."  (ECF 34 at 10, 58-59).

A federal judge is required to disqualify himself or herself "in any proceeding in which [his or her] impartiality might reasonably be questioned," and/or where he or she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(a) & (b)(1).   "[R]ecusal motions are committed to the sound discretion of the district court."  *Barnes v. Alves,* 304 F.R.D. 363, 366 (W.D.N.Y. 2015) (*quoting United States v. Lovaglia,* 954 F.2d 811, 815 (2d Cir. 1992)).  "In cases where a judge's impartiality might reasonably be questioned, the issue for consideration is not whether the judge is in fact subjectively impartial, but whether

the objective facts suggest impartiality." *Barnes,* 304 F.R.D. at 366 (citing *Liteky v. United States,* 510 U.S. 540, 548 (1994) (internal quotation omitted).

"[W]hether disqualification is required in a particular case is committed" to the judge's sound discretion, and a judge's determination regarding a motion for recusal will be reviewed only for an abuse of that discretion. *In re Kansas City Pub. Emps. Ret. Sys.,* 85 F.3d 1353, 1358 (8th Cir. 1996 (*citing Perkins v. Spivey,* 911 F.2d 22, 33 (8th Cir. 1990)). This is so because:

> [t]he judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion. In deciding whether to recuse himself, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case.

*Id.* (*quoting In re Drexel Burnhan Lambert, Inc.,* 861 F.2d 1307, 1312 2nd Cir. 1998)).

Accordingly, the Court will presume that the Bankruptcy Court was impartial. Appellant bears "the substantial burden of proving otherwise." *Kansas City Public Employees,* 85 F.3d at 1358 (*quoting Pope v. Fed. Express Corp.,* 974 F.2d 982, 985 (8th Cir. 1992)).

In the matter under consideration, Appellant has not presented any evidence to rebut the presumption of the Bankruptcy Court's impartiality. Further, the Court finds that Appellant has not demonstrated that "the objective facts suggest

22

impartiality." *Barnes,* 304 F.R.D. at 366. Appellant's disagreement with the
Bankruptcy Court's legal and factual conclusions, moreover, is not evidence of
bias or prejudice. *See id.* As such, the Court finds that the Bankruptcy Court's
denials of Appellant's Motions seeking its recusal are based on substantial
evidence and are not clearly erroneous; that the Bankruptcy Court applied the
proper legal standard when denying these Motions and did not abuse its discretion,
*see Kansas City Public Employees,* 85 F.3d at 1358; and that, therefore, the
Bankruptcy Court did not err in refusing to recuse itself, *see First Security Bank,*
511 B.R. at 577. As such, the Court will affirm the Bankruptcy Court's denial of
Appellant's Motions seeking its recusal.

**D.  Bankruptcy Court's Finding Appellee's Debt Dischargeable:**

Appellant, alternatively, asks the Court to find that the Appellee's debt to
him is non-dischargeable. In support of this request Appellant makes lengthy
factual assertions and argues that Appellee's counsel committed fraud on the
Bankruptcy Court, and that the Appellee "committed [] perjury and fraud on the
court in sworn pretrial submissions [and] under oath [] during her trial testimony."
(ECF 34 at 9-10, 47-50).

After considering the testimony of Appellee, as stated above, the Bankruptcy
Court found that Appellee's testimony was credible; that her testimony did not
support a finding that Appellant's alleged debt was subject to exception from

discharge under § 523(a)(2), (4) or (6); that Appellant did not meet his evidentiary burden; and that, therefore, Appellant's allegation that Appellee's debt was non-dischargeable was without merit.  (BR ECF 137 at 2-4).

Although Appellant asks the Court to reconsider evidence before the Bankruptcy Court, including Appellee's trial testimony, on appeal, the Court may not make independent findings of fact.  *See In re Englander,* 95 F.3d at 1030. Further, the Court finds that the Bankruptcy Court's factual findings are based on substantial evidence and are not clearly erroneous.  *See id*; *First Security Bank,* 511 B.R. at 577.   As for Appellant's seeking appellate review of the Bankruptcy Court's legal conclusions, pursuant to de novo review, the Court finds that the Bankruptcy Court did not err and that it correctly applied the law to the facts of the matter.  *See id.*   Appellant did not meet his burden to establish that Appellant's debt was non-dischargeable given that he did not present any evidence.  *See Econ. Dev. Growth Enters. Corp. v. McDermott,* 478 B.R. 123, 127 (N.D.N.Y. 2012 ("Pursuant to Bankruptcy Code § 523(a), 11 U.S.C. §§ 101–1532, courts narrowly construe the limited exceptions to the discharge of a debt and resolve any genuine doubts in favor of the debtor.   It is a creditor's burden to establish non-dischargeability by a preponderance of the evidence.") (*citing Grogan v. Garner,* 498 U.S. 279, 291 (1991) (other citation omitted).  As such, the Court finds that the Bankruptcy Court did not abuse its discretion upon finding that Appellant's debt

was dischargeable and that the Bankruptcy Court's decision, in this regard, should be affirmed on appeal. *See In re Englander,* 95 F.3d at 1030; *First Security Bank,* 511 B.R. at 577.

### E.   Oral Argument:

Based on its discretion, the Court finds that oral argument is not warranted in this matter and that, therefore, Appellant's request for oral argument should be denied. *See Jellon v. McDonnell Douglas Corp.,* 121 F.3d 423, 426 (8th Cir. 1997) (Motions "shall be decided on the papers without oral argument unless the court in its discretion chooses to order oral argument:  'Motions in civil cases shall be submitted and determined upon the memoranda without oral argument.  The Court may in its discretion order oral argument on any motion.'  E.D. Mo. L.R. 4.02(A). And Rule 4.02 further provides with respect to oral argument on motions:  'A party requesting the presentation of oral argument or testimony in connection with a motion shall file such request with its motion or memorandum briefly setting forth the reasons which warrant the hearing of oral argument or testimony.'  E.D. Mo. L.R. 4.02(B).").

### IV.
### CONCLUSION

For the reasons set forth above, the Court finds that the issues raised by Appellant are without merit and that Appellant's request for oral argument should be denied.  As such, the Court will affirm the Bankruptcy Court's September 27,

2017 Amended Judgment and Amended Memorandum Opinion and Order.  (BR ECF 142 & 143).

Accordingly,

**IT IS HEREBY ORDERED** that Appellant's request for oral argument is **DENIED**;

**IT IS FURTHER ORDERED** that the relief sought by Appellant on appeal is **DENIED**, and that the September 27, 2017 Amended Judgment and Amended Memorandum Opinion and Order of the Bankruptcy Court are **AFFIRMED**; and

**IT IS FINALLY ORDERED** that a separate Judgment shall issue incorporating this Memorandum and Order.

Dated this 9th Day of May 2018.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE